**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:07-cv-185M**

**HOLLEY PERFORMANCE**
**PRODUCTS, INC.**                                                                                       **PLAINTIFF**

**V.**

**QUICK FUEL TECHNOLOGY, INC.,**
**and MARVIN V. BENOIT, JR.**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Holley Performance Products, Inc.'s ("Holley") motion to dismiss [DN 36, 52] Defendants Quick Fuel Technology, Inc. ("Quick Fuel") and Marvin V. Benoit, Jr.'s ("Benoit") amended counterclaim [DN 44] pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

On November 14, 2007, Holley filed suit against Quick Fuel and Benoit for, inter alia, trademark infringement, copyright infringement, unfair competition, and breach of contract. [DN 1]. Defendants filed an answer on January 14, 2008. [DN 10]. On July 7, 2008, Quick Fuel and Benoit petitioned the Court for leave to amend their answer and file a counterclaim and third-party complaint. [DN 28]. The Court granted this request and the corresponding documents were entered on the docket August 1, 2008. [DN 31, 32].

On August 25, 2008, Holley filed an answer to the counterclaim and a motion to dismiss on the grounds that Defendants' request for declaratory judgment was duplicative of Holley's Complaint; several of Holley's trademarks challenged by Defendants were "incontestable" under 15 U.S.C. § 1065; and jurisdiction to determine registrability under 15 U.S.C. § 1119 should be declined in deference to the U.S. Patent and Trademark Office ("USPTO"). In the alternative, Holley filed a motion for a more definite statement. [DN 36].

Defendants filed a response on September 11, 2008. [DN 41, 57]. The parties thereafter agreed that Quick Fuel and Benoit would file an amended counterclaim providing a more definite statement of their claims. [DN 43]. This document, filed on September 30, 2008, sought, among other things, cancellation of Holley's DOUBLE PUMPER® word mark as merely descriptive. [DN 44]. Holley filed a motion to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) alleging that the mark was incontestable under the Lanham Act, § 37, 15 U.S.C. § 1065. [DN 52, 56].

## II. STANDARD

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to [the] plaintiff[], accept all well-pled factual allegations as true and determine whether [the] plaintiff[] undoubtedly can prove no set of facts consistent with [his] allegations that would entitle [him] to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers &

Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Bredesen, 500 F.3d at 527 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, —, 127 S.Ct. 1955, 1964-65 (2007)).

### III. DISCUSSION

The Court consolidates and restates the arguments in Holley's Motion to Dismiss Defendants' Amended Counterclaim and, to the extent they still apply, the arguments in Holley's original motion to dismiss as follows: Holley contends that (1) the motion for declaratory judgment should be denied as duplicative; (2) jurisdiction of the counterclaim should be declined in deference to the USPTO; and (3) the DOUBLE PUMPER® mark is incontestable and consequently immune from Quick Fuel's attack as descriptive. The Court considers these arguments in turn.

A. Declaratory Judgment

Holley contends that dismissal of Quick Fuel and Benoit's counterclaim for declaratory judgment is warranted because the question of the validity and enforceability of Holley's marks is "subsumed within Holley's burden to prove that the Defendants have infringed upon each respective trademark and trade dress." (Plaintiff's Brief, ¶ 2). In other words, Holley argues that the action for declaratory relief is improper because it fails to serve a useful purpose. The Court disagrees.

To determine whether jurisdiction over a declaratory judgment action is appropriate, district courts typically apply the five-factor test first adopted by the Sixth Circuit in Grand

Trunk Western R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984):

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.
>
> Id.; see also AmSouth Bank v. Dale, 386 F.3d 763, 785 (6th Cir. 2004) (quoting Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000)).

However, in the context of trademark infringement actions, counterclaims for declaratory relief are presumptively appropriate. They have a "useful purpose" because they engage the remedy of cancellation under the Lanham Act, § 37, 15 U.S.C.A. § 1119, and provide defendants with confidence that they will not infringe the mark in the future. Thus, courts routinely permit counterclaims for declaratory judgment that the marks sought to be enforced are invalid and unenforceable. See e.g., Gibson Guitar, Corp. v. Paul Reed Smith Guitars, 423 F. 3d 539, 544 (6th Cir. 2005); Kellogg Company v Exxon Corporation, 209 F. 3d 562 (6th Cir. 2000) (noting that "Exxon [was] entitled to pursue its Counter-Claim [for declaratory judgment, i.e., registration of its marks] on remand); Spencer Jr. v VDO Instruments Limited, 352 F. 2d 784, 785 (6th Cir. 1965). Accordingly, Quick Fuel and Benoit's counterclaim for declaratory judgment may proceed.

B. Deference to the USPTO

Holley next contends that "in consideration of justice, deference and judicial economy" the Court should exercise its discretion and decline concurrent jurisdiction with the USPTO over Quick Fuel's counterclaim challenging the validity and enforceability of Holley's trademarks and trade dress. (Motion to Dismiss, ¶ 15). In essence, Holley argues that the subject matter of the marks are highly technical and complex and that Defendants should, accordingly, pursue their remedies through the USPTO because of the agency's specialized expertise. The Court finds this argument unpersuasive.

Usually courts are fully capable of making registration and cancellation decisions. See 15 U.S.C.A. § 1119. In the rare case where deference to the USPTO is justified, however, the Court may issue a stay pending resolution of the concurrent PTO proceeding. See e.g., Driving Force, Inc. v. Manpower, Inc., 498 F.Supp. 21, 25-26 (E.D. Pa. 1980) (ordering stay pending TTAB resolution of opposition proceeding); cf. Goya Foods, Inc. v. Tropicana Products, Inc., 846 F.2d 848, 853-54 (2d Cir. 1988) (finding that a PTO proceeding was not a proper basis to stay the law suit). Such a stay is inappropriate here.

The fact of the matter is that Holley has presented no evidence in support of its allegation that the issues are too complex for judicial review.[1] In the absence of such a showing, the Court has no reason to defer to the PTO. Cf. American Cyanamid Company v Campagna Per Le Sarmacie In Italia , S.P.A., 678 F. Supp. 1049, 1055 (S.D.N.Y. 1997) (retaining jurisdiction where the likelihood of confusion "[did not] require any major

---

[1] Indeed, to the extent Holley argues that the issues in the counterclaim are "subsumed" within its complaint, it has tacitly acknowledged the Court's competence over the issues by filing suit.

5

application of highly specialized principles or expertise"); W & G Tennessee Imports, Inc., v. Esselte Pendaflex Corporation, 769 F. Supp. 264 (M.D. Tenn. 1991) ("It does not appear that the issues in this case are unusually technical or complex; there is no reason why a District Court is not capable of determining whether Esselte's weighty edged labels meet the necessary test for trademark protection."). On the other hand, judical economy militates in favor of trying the counterclaim together with Holley's claim for infringement. See Ohio v. Doe, 433 F.3d 502, 508 (6th Cir. 2006) (observing that judicial economy dictates that, where feasible, related claims should be adjudicated together rather than piecemeal). Therefore, the Court declines to relinquish jurisdiction.[2]

### C.  DOUBLE PUMPER®

Holley next contends that Defendants improperly seek cancellation of an incontestable trademark on the grounds that the mark is merely descriptive.[3] Under 15 U.S.C. § 1065, a mark becomes incontestable when it has been "in continuous use for five consecutive years subsequent to the date of [] registration," is currently in use, and:

---

[2] Defendants note that the USPTO has suspended its inquiry into the validity of Holley's marks pending the resolution of this suit. [DN 57]. They suggest, therefore, that a stay would be futile. Having found a stay inappropriate on other grounds, the Court declines to address this argument.

[3] A few words concerning the history of this argument are warranted. Initially, Quick Fuel's counterclaim failed to specify which of Holley's marks it challenged and upon what grounds. Holley's first motion to dismiss, therefore, in an "abundance of caution," sought dismissal of all of the legally foreclosed claims against any and all of its incontestable trademarks. In its response, Quick Fuel did not address this argument; instead, it amended its counterclaim to clarify that it only challenged one incontestable (or potentially incontestable) mark: DOUBLE PUMPER®. Thus, in its motion to dismiss the amended counterclaim, Holley requested dismissal of only that mark on the basis of incontestability. In addressing the issue of incontestability in this opinion, the Court therefore ignores as moot Holley's cautious earlier claim.

> (1) there has been no final decision adverse to registrant's claim of ownership of such mark for such goods or services, or to registrant's right to register the same or to keep the same on the register; and (2) there is no proceeding involving said rights pending in the Patent and Trademark Office or in a court and not finally disposed of; and (3) an affidavit is filed with the Director within one year after the expiration of any such five-year period setting forth those goods or services stated in the registration on or in connection with which such mark has been in continuous use for such five consecutive years and is still in use in commerce, and other matters specified in paragraphs (1) and (2) of this section; and (4) no incontestable right shall be acquired in a mark which is the generic name for the goods or services or a portion thereof, for which it is registered . . .

Id.

Once a mark becomes incontestable it is, among other things, immune to challenge on the basis that it is merely descriptive. See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 196-205 (1985); Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center, 109 F.3d 275, 282 (6th Cir. 1997). Here, the DOUBLE PUMPER® trademark had been in continuous use for five consecutive years on July 8, 2008, and would otherwise have become incontestable when Holley filed the appropriate affidavit on July 17, 2008. Defendants contend, however, that the DOUBLE PUMPER® mark never became incontestable because this proceeding was "pending" at the time the five-year period expired and "involv[ed] . . . rights [in the mark]" through the allegations in (1) Holley's complaint and Defendants' answer, and (2) Defendants' counterclaim. See 15 U.S.C. § 1065(2). The Court addresses these arguments below.

1. Holley's Complaint and Quick Fuel and Benoit's Answer

Defendants contend that the current proceeding has always involved Holley's rights in the DOUBLE PUMPER® mark because their answer denied the allegation in Holley's complaint that Holley was the exclusive owner of the mark. 15 U.S.C. § 1065(2); (Response, p. 3; Complaint ¶ 70; Answer ¶ 9). Thus, they conclude, citing Sizzler Family Steakhouses, 793 F.2d 1529, 1532, 1540-41 (11th Cir. 1986), that a lawsuit was "pending over the trademark" and incontestability was "not obtained." (Response, p. 3). The Court disagrees.

As an initial matter, Defendants' citation to Sizzler is unavailing. There, the registrant was the defendant and the proceeding involved rights in the trademark because the mark was specifically challenged in the plaintiff's complaint. Id. at 1541. Here, of course, the registrant is the plaintiff, not the defendant, and the complaint sought to enforce, not challenge, the mark. In such cases, the USPTO has explained that it "does not consider a proceeding involving the mark . . . . to be a 'proceeding involving these rights' that would preclude the filing or acknowledgement of a § 15 affidavit" unless there is a "*counterclaim* involving the owner's rights in the mark." Trademark Manuel of Examining Procedure ("TMEP") § 1605.04 (emphasis added); see also Sunrise Jewelry Mfg. Corp. v. Fred S.A., 175 F.3d 1322, 1327 (Fed. Cir. 1999).

Although the Court doubts that the TMEP's use of the term "counterclaim" is meant to privilege form over substance, see e.g., Levi Strauss & Co. v. Abercrombie & Fitch Trading Co., 548 F.Supp.2d 811, 814 (N.D. Cal. 2008) (construing an "affirmative defense" as a counterclaim for purposes of incontestability), the term cannot, as Defendants contend,

plausibly include a mere denial of an allegation in a complaint. Such an interpretation would render the TMEP's use of the word "counterclaim" meaningless. It would, furthermore, seem to deter owners from enforcing their marks during the first five years of registration for fear that such litigation would preclude or postpone their mark's incontestability. Accordingly, the Court holds that neither Holley's complaint nor Defendants' answer involved Holley's rights in the DOUBLE PUMPER® mark for purposes of 15 U.S.C. § 1065(2).

### 2. Defendants' Counterclaim

Defendants alternatively contend that their counterclaim challenging Holley's rights in the DOUBLE PUMPER® mark was a part of the proceeding before the mark became incontestable. In particular, they argue that because their motion for leave to amend their answer and assert a counterclaim was filed on July 7, 2008, a proceeding involving Holley's rights in the mark was pending when the five years for incontestability expired the next day. Holley, in turn, argues that the counterclaim was not a part of the pending proceeding for purposes of 15 U.S.C. § 1065(2) until the counterclaim, as opposed to the motion for leave, was filed. The Court agrees with Holley.

Generally speaking, where parties do not have the ability to file an amended pleading as a matter of right, that pleading does not become a part of the proceeding until the court grants the respective motion. See Fed. R. Civ. P. 15(a)(2); cf. Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998) (holding that a complaint did not state a federal claim, for purposes of removal, until the state judge granted a motion to amend); Douklias v. Teacher's

Ins. and Annuity Ass'n, 35 F.Supp.2d 612, 615 (W.D. Tenn. 1999) ("The majority of courts have taken the position that the 30 day period commences upon either the granting of the motion to amend or the actual filing of the amended complaint."). In this case, Defendants' motion to amend their answer and file a counterclaim was granted on August 1, 2008. Thus, the counterclaim was not a part of the "pending proceeding" for purposes of 15 U.S.C. § 1065(2) on July 17, 2008, when the DOUBLE PUMPER® mark would have become incontestable.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendants' amended counterclaim is **GRANTED IN PART** and **DENIED IN PART**.

cc: Counsel of Record