# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:07-CV-00185-JHM

HOLLEY PERFORMANCE PRODUCTS, INC.        PLAINTIFF/
                                         COUNTERDEFENDANT

V.

QUICK FUEL TECHNOLOGY, INC., and         DEFENDANTS/
MARVIN V. BENOIT, JR.                    COUNTERCLAIMANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff/Counterdefendant Holley Performance Products, Inc.'s ("Holley") Motion to Dismiss and/or Strike Portion of Counterclaim and Certain Affirmative Defenses [DN 145] and Defendants/Counterclaimants Quick Fuel Technology, Inc. and Marvin V. Benoit, Jr.'s Motion to Amend/Correct its Answer to Third Amended Complaint and Counterclaim [DN 154]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

This case centers on Defendants Quick Fuel Technology, Inc. and Marvin Benoit, Jr.'s alleged use and infringement of several of Plaintiff Holley's alleged trade dress and trademarks.

## II. DISCUSSION

Plaintiff Holley has moved to strike Defendants' affirmative defenses 3, 5, 9, 10, 11, 12, 13, 14, 17, and 18 on various grounds. Plaintiff has also moved to dismiss paragraph 8 of Defendants' counterclaim. Defendants' have responded by filing an Amended Answer and Counterclaim. Defendants' motion to amend eliminates affirmative defenses 9, 11, and 17 from its answer, bolsters and alters affirmative defenses 3, 5, 10, 12, 13, 14, and 18, and deletes an allegation of fraud from paragraph 8 of Defendants' counterclaim.

Defendants contend that their motion to amend should be granted because leave to amend under Rule 15 should be freely granted. Fed. R. Civ. P. 15(a)(2) states that after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." A district court should freely grant a plaintiff leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff Holley has not opposed many of the amendments in Defendants proposed Amended Answer and Counterclaim. Plaintiff has only opposed amended affirmative defenses 2, 5, 9, 10, 11, and 17 on the grounds that they do not cure the earlier identified defects and are therefore futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). In this instance, the futility of the amendments should be examined using the "fair notice" standard for pleading affirmative defenses articulated in Lawrence.

In opposing the motion to amend the above six affirmative defenses, Plaintiff has reargued its motion to dismiss/strike by recasting its prior arguments and inserting the word "futile." In their reply to Plaintiffs' arguments, Defendants address the substantive arguments raised by Plaintiff Holley and have essentially argued that the amended affirmative defenses are not futile because they would survive a motion to strike. As Plaintiff has not challenged many of Defendants' amendments, and both parties have had an opportunity to address the substantive issues regarding the six

challenged amended affirmative defenses, the Court finds that the best way to proceed is to permit the entire Amended Answer and Counterclaim to be filed and to then apply Plaintiffs' arguments in its motion to dismiss/strike to the amended affirmative defenses that Plaintiff has opposed. To the extent Plaintiff Holley has not challenged the amendment of an affirmative defense or counterclaim, the Court will interpret Plaintiff Holley's motion to dismiss/strike that pleading as moot.

As an initial matter, the Court must address the proper standard for evaluating the sufficiency of an affirmative defense. Fed. R. Civ. P. 12(f) states in pertinent part that "upon motion made by a party . . ., the court may order stricken from any pleading any insufficient defense." "Under the current Sixth Circuit approach, 'an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the offense.'" Sewell v. Allied Interstate, Inc., 2011 WL 32209, at *7 (E.D. Tenn. Jan. 5, 2011) (quoting Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006)).

In its motion to dismiss/strike, Plaintiff Holley has argued that the standard for evaluating the sufficiency of an affirmative defense is the same standard used to evaluate the sufficiency of a claim in a complaint. Citing several decisions from the Northern District of Illinois, Plaintiff Holley contends that affirmative defenses are now subject to the heightened pleading standards outlined in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Neither the parties' briefs, nor the Court's own research has revealed an appellate court decision addressing this issue. Furthermore, the district courts that have taken up this issue across the country

3

are heavily divided,[1] including the district courts within the Sixth Circuit.[2]

While the Sixth Circuit has not ruled on this issue, in Montgomery v. Wyeth, a post-Twombly and Iqbal decision, the Sixth Circuit held that the defense of repose, a defense pled under Fed. R. Civ. P. 8(b)(1) did not require a heightened pleading standard. 580 F.3d 455, 468 (6th Cir. 2009). The court found that the defendant's pleading was sufficient under Rule 8(b)(1), even though it only alleged that "Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations and repose." Given the Sixth Circuit's "fair notice" standard for pleading affirmative defenses, its ruling in Montgomery, and the total absence of appellate precedent on this issue the Court declines to adopt the heightened pleading standard of Twombly and Iqbal for the pleading of defenses. Instead, the Court will continue to use the "fair notice" standard articulated in Lawrence. With that standard in mind, the Court will address each amended affirmative defense that Plaintiff Holley contends is legally insufficient.

**A. Amended Affirmative Defense 2**

---

[1] See Falley v. Friends Univ., --- F. Supp. 2d ---, 2011 WL 1429956, at *1 (D. Kan. Apr. 14, 2011) (citing cases that have both supported and opposed applying a heightened pleading standard to affirmative defenses).

[2] See HCRI TRS Acquirer, LLC v. Iwer, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) (finding that the pleading standard articulated in Twombly and Iqbal applies to the pleading of affirmative defenses); Safeco Ins. Co. of Am. v. O'Hara Corp., 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (finding that the Twombly plausibility standard applies to the pleading of affirmative defenses); United States v. Quadrini, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007) (finding that Twombly's heightened pleading standard applies to the pleading of affirmative defenses). But see Sewell v. Allied Interstate Inc., 2011 WL 32209, at *6-7 (E.D. Tenn. Jan. 5, 2011) (declining to apply Twombly and Iqbal to the pleading of affirmative defenses); McLemore v. Regions Bank, 2010 WL 1010092, at *12-14 (M.D. Tenn. Mar. 18, 2010) (finding that the proper standard for pleading an affirmative defense is "fair notice" even after Twombly and Iqbal); First Nat'l Ins. Co. of America v. Camps Servs., LTD., 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009) (finding "Twombly's analysis of the 'short and plain statement' requirement of Rule 8(a)" does not apply to affirmative defenses under Rule 8(c)).

Although Plaintiff Holley opposes the amendment of affirmative defense 2, an examination of this defense demonstrates that it is identical to the previous affirmative defense and that no amendment was made. As Defendants' have not amended this affirmative defense and Plaintiff Holley did not seek to strike it in its own motion to strike, the Court finds Plaintiff Holley's objections to the defense are improper.

**B. Amended Affirmative Defense 5**

This defense states that the applicable statute of limitations bars Holley's claims. Plaintiff Holley has sought to strike this defense on the grounds that it does not set forth any details regarding the applicable dates or time period. However, Defendants identify with great specificity which of Plaintiff's claims they believe to be barred by the statute of limitations, and the actual Kentucky revised statutes that bar those claims. While Plaintiff may wish to know the specific dates that Defendants are relying upon, that is an issue better left for discovery and summary judgment. Therefore, the Court finds that this defense is sufficient to place Plaintiff Holley on "fair notice" of the alleged defense and **DENIES** Plaintiff's motion to strike.

**C. Amended Affirmative Defense 9**

This affirmative defense contends that Holley's claims for relief are barred by unclean hands. "The doctrine of unclean hands is 'a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'" The Scooter Store, Inc. v. Spinlife.com, LLC, --- F. Supp. 2d ---, 2011 WL 1460438, at *6 (S.D. Ohio, Apr. 18, 2011) (quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945)). "The concept of unclean hands may be employed by a court to deny injunctive relief where the party applying for

such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party." Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1383 (6th Cir. 1995) (internal quotation omitted). Furthermore, the defense of unclean hands from bad faith may be available against a plaintiff who brings suit to browbeat or coerce a defendant allegedly using its marks. Scooter Store, 2011 WL 1460438, at *6.

Defendants contend that Plaintiff Holley made material misrepresentations to the United States Patent and Trademark Office ("USPTO") in its applications for registration of several of its trade dress and trademarks. Defendants argue that Holley has unclean hands because it attempted to fraudulently procure registration of its trade dress and trademarks. While most affirmative defenses may be pled in general terms, "fraud in the procurement [of trademarks] must be alleged with specificity as required by Rule 9(b)." San Juan Prods. Inc. v. San Juan Pools of Kansas, Inc., 849 F.2d 468, 472 (10th Cir. 1988).

It is unclear what level of specificity is required for such a defense. Under Sixth Circuit precedent, a general pleading of fraud must allege "the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud[.]" United States ex rel. Poteet v. Medtronic, Inc., 552 F.3d 503, 518 (6th Cir. 2009) (internal quotation marks omitted). However, the Tenth Circuit has held that when a claim of fraudulent trademark procurement is alleged, the pleading must allege "(1) the false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false (scienter); (3) the intention to induce action or refraining from action in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance." San Juan Prods. Inc.,

849 F.2d at 473.

The Court need not determine which pleading standard is appropriate in this case because under either standard, Defendants' amended affirmative defense 9 is insufficient. No where in the pleading of this defense do Defendants allege that they suffered an injury as a result of Plaintiff Holley's alleged misrepresentations. In fact, both Plaintiff Holley and Defendants agree that these applications were not registered by the USPTO and no trademark was procured. As such, these misrepresentations cannot be the basis for a claim of fraudulent procurement. To the extent that this affirmative defense attempts to plead unclean hands as a result of fraudulent procurement of a trademark, the Court finds that it is insufficient.

However, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A court should construe pleadings "liberally in order to prevent errors in draftsmanship from barring justice to litigants." Carter v. Ford Motor Co., 561 F.3d 562, 566 (6th Cir. 2009) (quoting Ritchie v. United Mine Workers of Am., 410 F.2d 827, 833 (6th Cir. 1969)). To the extent that this defense alleges that Plaintiff Holley has unclean hands because it engaged in inequitable conduct and has therefore acted in bad faith, the Court finds that it is sufficient. Reading the allegations throughout the answer, Defendants have alleged that Holly knowingly lied and that it is using the legal system as a means to browbeat or eliminate competition. This sufficiently pleads the affirmative defense of unclean hands as a result of inequitable conduct or bad faith. See Scooter Store, 2011 WL 1460438, at *6 (finding that if a plaintiff brings suit to browbeat or coerce a defendant allegedly using its mark, such a situation can give rise to a bad faith unclean hands defense). Therefore, the Court finds that this defense is sufficient to place Plaintiff Holley on "fair notice" of the unclean hands defense

7

and **DENIES** Plaintiff's motion to strike.[3]

**D. Amended Affirmative Defense 10**

This affirmative defense claims that Holley's attempted use, licensing, and enforcement of the alleged trade dress and trademarks violates the antitrust laws of the United States and/or Kentucky, particularly monopolization under the Sherman Act. This affirmative defense appears to be alleging that Plaintiff Holley is engaging in "sham" litigation for the purpose of monopolizing the carburetor market. Plaintiff Holley opposes this affirmative defense because "Defendants will never be able to meet the extraordinarily high burden of proof here, which requires them to establish that Holley has brought a baseless lawsuit against Defendants solely for anticompetitive purposes." (Pls. Opp. Defs.' Mot. Amend, 4.) However, whether Defendants have sufficiently pled an antitrust monopolization defense and whether Defendants can prove such a defense are two wholly separate issues. Under Sixth Circuit precedent, an affirmative defense may be pled in general terms so long as it gives the Plaintiff "fair notice of the offense." Defendants amended affirmative defense 10 is sufficient to satisfy this pleading standard.

Plaintiff Holley has also moved to strike this defense on the grounds that it insufficiently pleads fraud under Rule 9(b). The amended affirmative defense states that "Holley's submissions to the USPTO to obtain certain trademarks and trade dress protection included fraudulent misrepresentations (The Defendants incorporate the factual and legal assertions in paragraph No. 9 of these affirmative defenses in support of this defense)." (Defs.' Am. Answer Pl.'s Third Am. Compl. and Countercl.) The Court has already found that amended affirmative defense 9 failed to

---

[3] Whether Defendants can meet the high burden of an unclean hands defense based upon bad faith is an issue best left for summary judgment and not a motion to strike.

plead fraud with particularity because Defendants did not allege that they had suffered an injury as a result of the fraud. Accordingly, the Defendants' attempt to incorporate those factual and legal assertions in a later defense is likewise insufficient because the allegation still fails to allege an injury resulting from the fraud. Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to strike this affirmative defense. The Court **GRANTS** Plaintiff's motion to strike the allegation of fraudulent misrepresentation found in Amended Answer 10 and **DENIES** Plaintiffs' motion as to the rest of this affirmative defense.

### E. Amended Affirmative Defense 11

This affirmative defense contends that Plaintiff Holley failed to properly designate its alleged trade dress and trademarks under 15 U.S.C. § 1111, prohibiting Holley from seeking damages for Defendants alleged infringement.[4] Plaintiff Holley has opposed this amended affirmative defense on the grounds that it is not an affirmative defense but is actually a limitation of remedies.

In United States v. Sung, the Seventh Circuit analyzed the language of § 1111, and found that it "does not create a defense; it is a limitation of remedies." 51 F.3d 92, 94 (7th Cir. 1995). The court found that although § 1111 prohibited the recovery of profits and damages under certain circumstances, it did not "foreclose equitable remedies . . . and therefore cannot be called a 'defense' under the Lanham Act." Id.; see also United Servs. Auto. Ass'n v. Nat'l Car Rental Sys., Inc., 2001 WL 1910543, at *4 (W.D. Tex. Sep. 26, 2001) (citing Sung and finding that § 1111 restricts the

---

[4] 15 U.S.C. § 1111 states in pertinent part "[n]otwithstanding the provisions of section 1072 of this title, a registrant of a mark registered in the Patent and Trademark Office, may give notice that his mark is registered by displaying with the mark the words "Registered in U.S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off." or the letter R enclosed within a circle, thus ®; and in any suit for infringement under this chapter by such a registrant failing to give such notice of registration, no profits and no damages shall be recovered under the provisions of this chapter unless the defendant had actual notice of the registration."

monetary remedies available but does not act as an affirmative defense for trademark infringement).

Reading § 1111, the Court agrees with the decision of the Seventh Circuit in Sung. Even if Defendants are able to establish that Plaintiff Holley failed to give notice of its trademarks and that Defendants were unaware that such marks existed at the time of infringement, Plaintiff Holley would not be prohibited from seeking equitable remedies for the alleged infringement. Section 1111 can limit remedies in a trademark infringement action but cannot actually defeat a claim of trademark infringement. As such, any defense based upon this section is legally insufficient to be an affirmative defense. Therefore, the Court **GRANTS** Plaintiff's motion to strike this defense.

**F. Amended Affirmative Defense 17**

This affirmative defense contends that Plaintiff Holley's submission to the USPTO for registration of 4150 HP, Model 4160, and Model 4175 contain fraudulent misrepresentations. Plaintiff Holley contends that the amended affirmative defense is insufficient because it fails to plead fraud with particularity as required by Rule 9(b). The Court agrees with Plaintiff Holley. Unlike affirmative defense 9, which is premised on the defense of unclean hands, affirmative defense 17 appears to be a simple defense of fraudulent procurement of a trademark. As such, it must be pled with particularity as required by Rule 9(b). Because amended affirmative defense 17 fails to identify an injury resulting from the fraudulent misrepresentations, it is insufficient under Rule 9(b). Therefore, the Court **GRANTS** Plaintiff's motion to strike it.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants/Counterclaimants Quick Fuel Technology, Inc. and Marvin V. Benoit, Jr.'s Motion to Amend/Correct its Answer to Third Amended Complaint and Counterclaim [DN 154] is

**GRANTED**.

IT IS FURTHER ORDERED that Plaintiff/Counterdefendant Holley Performance Products, Inc.'s Motion to Dismiss and/or Strike Portion of Counterclaim and Certain Affirmative Defenses [DN 145] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED IN PART** as to the allegation of fraud in amended affirmative defense 10, and all of amended affirmative defenses 11 and 17. It is **DENIED IN PART** as to all other requests.

cc: counsel of record