# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**HOLLEY PERFORMANCE PRODUCTS, INC.**
    Plaintiff

v.                                                                                                               **No. 1:07CV-00185-M**

**QUICK FUEL TECHNOLOGY, INC.** *et al.*
    Defendants

## MEMORANDUM OPINION AND ORDER

The Court has referred this matter to the undersigned Magistrate Judge for "determination of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A)" (Docket Entry No. 276). The Plaintiff has filed a motion for reconsideration of retired Magistrate Judge Goebel's discovery Order dated March 26, 2012, to which the Defendants, Quick Fuel Technology, Inc., and Marvin J. Benoit, Jr. (hereinafter "Defendants"), have responded in opposition, and the Plaintiff has replied (Docket Entry Nos. 257, 268, 273). In addition, the Defendants have filed a motion to extend the discovery deadline of June 29, 2012, set by Magistrate Judge Goebel, to which the Plaintiff has responded, and the Defendants have replied (Docket Entry No. 277, 279, 282).

For the reasons below, the Plaintiff's motion for reconsideration (Docket Entry No. 257) is DENIED, and the Defendants' motion for extension of time to complete discovery (Docket Entry No. 277) is GRANTED.

### Plaintiff's Claims

Holley Performance Products, Inc., manufactures high-performance carburetors that are ultimately purchased by automotive enthusiasts for racing and street use. Quick Fuel Technology, Inc., a competitor of Holley, produces a carburetor that has an external appearance similar to Holley's products. Specialty Auto Parts USA, Inc. d/b/a Proform is Quick Fuel's vendor /

distributor.

The original complaint through the third amended complaint alleged, among other things, that Quick Fuel infringes upon Holley's trademark and trade dress, in part, because the external appearance of Holley's carburetors is distinctive, non-functional, and has developed a secondary meaning recognized throughout the United States. On March 12, 2012, Chief Judge Joseph H. McKinley, Jr. granted Holley's motion for leave to file its fourth amended complaint and add Proform and CEO Richard Platt as Defendants (Docket Entry No. 236). The fourth amended complaint added claims for conspiracy of Quick Fuel and Proform to fix prices and allocate markets and customers (Counts XV, XVI, and portions of Count XVII ) (Docket Entry No. 237).

Defendants Proform and Richard Platt and Defendants Quick Fuel Technology, Inc., and Marvin J. Benoit, Jr., have filed motions to dismiss the price fixing claims that are pending for consideration by Chief District Judge McKinley (Docket Entry Nos. 258 and 264).

The only motions pending before the undersigned Magistrate Judge are Holley's motion to reconsider Judge Goebel's March 26, 2012 discovery order (Docket Entry No. 257) and Defendant Quick Fuel and Benoit's motion to extend discovery deadlines (Docket Entry No. 277).

## Procedural History Relevant To
## Plaintiff's Motion to Reconsider Magistrate Judge Goebel's Order

On March 26, 2012, Magistrate Judge E. Robert Goebel entered a non-dispositive discovery order (Docket Entry No. 250).

On April 10, 2012, Holley filed a motion for Magistrate Judge Goebel to reconsider his order (Docket Entry No. 257) and a motion for Chief Judge McKinley to extend the time for filing objections to Magistrate Judge Goebel's order until 14 days after Magistrate Judge Goebel has ruled on the motion to reconsider (Docket Entry No. 256).

On May 3, 2012, Chief Judge McKinley granted Holley's motion for extension of time to file objections (Docket Entry No. 270).

The Defendants have responded in opposition to the motion for reconsideration, and the Plaintiff has replied thereto (Docket Entry Nos. 268 and 273).

On May 11, 2012, Magistrate Judge Goebel retired, and his cases were assigned to Magistrate Judge Brent Brennenstuhl (Docket Entry No. 272).

On May 18, 2012, Magistrate Judge Brennenstuhl recused himself and returned the case to Chief Judge McKinley (Docket Entry No. 275).

On May 18, 2012, Chief Judge McKinley referred this action to the undersigned magistrate judge for "determination of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A)" (Docket Entry No. 276).

## Standard of Review for Motions to Reconsider

The motion to reconsider raises some threshold concerns. First, Magistrate Judge Goebel is no longer available to reconsider his order, and the undersigned is merely a co-equal successor judge. Second, the Federal Rules of Civil Procedure and the Joint Local Rules of the Eastern and Western Districts of Kentucky do not provide for motions to reconsider. For the reasons below, the undersigned nevertheless has the authority to reconsider Judge Goebel's order. However the standard of review of such reconsideration is highly deferential.

At this stage of the litigation, the undersigned is not writing on a blank slate, and proper deference must be given to Magistrate Judge Goebel's order. The "law of the case" doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Although

"the law-of-the-case doctrine is not a completely inflexible command, ... the court's discretion to reach a result inconsistent with a prior decision reached in the same case is to be exercised very sparingly and only under extraordinary conditions." *Jackson v. Regions Bank*, 2012 WL 405495, *1 (M.D.Tenn.) (quoting *Griffin v. Reznick*, 609 F.Supp.2d 695, 706 (W.D.Mich.2008)).

This reluctance of courts to undo prior rulings takes on an added layer of meaning if the case was transferred to a successor judge because "while a successor judge has the same discretion to reconsider an order as would the first judge, the successor judge should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." *Jackson*, 2012 WL 405495, *1 (quoting *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir.2009)).

Although the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration, they are commonly treated as either a Rule 59(e) motion or a Rule 60(b) motion. *Hood v. Hood*, 59 F.3d 40 n.1 (6th Cir.1995). Either way, a motion to reconsider serves one of two limited functions: (1) to correct a manifest error of law or fact; or (2) to give a party an opportunity to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir.1996).

The Plaintiff requests reconsideration pursuant to Fed.R.Civ.P. 60(b) (Docket Entry No. 257), which provides that, on motion and just terms, the court may relieve a party from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Although the Plaintiff does not specify which subsection of Rule 60(b) it relies upon, it appears to be subsections (1), (2), and/or (6). Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990).

Therefore, the Plaintiff's motion for reconsideration of a predecessor judge's order is properly before the undersigned. However, the predecessor judge's order will not be lightly overturned. The Plaintiff must show that a modification of Judge Goebel's order is necessary to correct a manifest error of law, fact, or mistaken assumption; or to present newly discovered evidence that could not have been discovered with reasonable diligence.

The foregoing standard of review is compatible with the standard applied by a district judge in reviewing a magistrate judge's non-dispositive order, including the standard that Chief Judge McKinley will likely be called upon to apply in reviewing the present order denying reconsideration of Magistrate Judge Goebel's order.

A magistrate judge's ruling on a non-dispositive matter may be reversed if it is "clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). When resolving discovery disputes, a

magistrate judge's order is subject to an abuse-of-discretion standard of review. *Hyland v. Homeservices of America*, 2012 WL 1680109, *3 (W.D.Ky.).

For the reasons below, under any or all of the foregoing standards, the Plaintiff has failed to show that Judge Goebel's order requires reconsideration.

### **Judge Goebel's Order Dated March 26, 2012**

As part of discovery, the parties made mutual requests for production (RFPs) of electronically stored information (ESI) in the "custody" of certain named personnel and relevant to the Plaintiff's trademark / trade dress claims and Quick Fuel's defenses thereto. The parties sought production of e-mails and associated documents.

The production process is decidedly expensive and time consuming: The parties exchange requests for "search terms" that they believe will lead to evidence relevant to asserted claims and defenses. In response, the other side performs an electronic systems analysis to determine which documents and "document families" in its possession contain the requested search terms and the identify of the "custodian" involved in the document's generation and receipt. Prior to handing over any document, an attorney reviewer must determine: (1) the responsiveness of the document to the request; (2) the relevance of the document to the claim or defense; (3) whether the document is subject to attorney-client or work-product privilege; and (4) whether the document contains confidential information that is subject to the terms of a protective order.

Previously, the parties had successfully produced and exchanged documents. Before Judge Goebel was a controversy over supplemental RFPs. Among other things, Holley took the position that any custodian whose deposition a party had already taken should be eliminated from any supplemental RFP. Judge Goebel required the parties to submit proposals containing specific search

terms and custodians. The parties submitted their proposals.

Judge Goebel's order of March 26, 2012 was the cumulation of many months and frequent contact to urge the parties to resolve their discovery disputes. As noted by Judge Goebel in his Order, "[t]he production of this ESI has been hotly contested by the parties and has resulted in accusations and counter-accusations, none of which truly assists the Court in understanding, much less deciding matters before it." While the undersigned successor magistrate judge did not participate in the numerous status conferences leading up to the March 26, 2012 discovery order and cannot comment on the cooperation and good faith participation of the parties, review of the voluminous pleadings leads one to believe that the parties are more interested in perpetuating the dispute than in reasonable resolution of the dispute.

Following the failure of the parties to resolve their dispute, or even narrow the issues, Judge Goebel was forced to resolve the matter by order.

In his order, Judge Goebel rejected Holley's position with respect to previously-deposed custodians, ruling that (Order, Docket Entry No. 250, p. 6):

> Holley's argument ignores the reality that any one or more of these persons may have produced or received a document post-deposition that bears on the claims and defenses in this lawsuit or which may prove fertile ground for impeachment of previously sworn testimony.

Judge Goebel required Holley to search for data from 15 custodians, run the search terms specified by Quick Fuel with 5 exceptions, and complete supplemental production by June 29, 2012 (pp. 6-7). Judge Goebel also dictated Quick Fuel's production responsibilities, and it has not raised an objection to date.

Holley's asserts for its primary grounds for its motion to reconsider that "Holley's implementation of this order will impose an undue and weighty burden on Holley that is starkly

disproportionate to that imposed upon Quick Fuel." Holley argues that "the burden on Holley to comply with this Court's order given the extraordinary volume of documents it will be required to review and produce will be extreme, indeed, more than [13] times that of Quick Fuel" (motion to reconsider, Docket Entry No. 257, p. 4). Holley asserts that (1) "Holley will be subject to a far greater burden than Quick Fuel in connection with the supplemental production" (pp. 3-4); and (2) "The burden on the parties with respect to electronic discovery must be proportional" (pp. 4-6).

Holley implies that Judge Goebel was unaware of the large volume of documents that his discovery order would cause to be produced. According to Holley, its information technology (IT) staff has recently informed it that Judge Goebel's order, if it remains in force, will require Holley to review 236,069 document families and Quick Fuel to review only 17,128 document families (reply to response to motion to reconsider, Docket Entry No. 273, p. 1).

## **DISPROPORTIONATE BURDEN**

The Plaintiff's argues that its burden and cost in complying with discovery is thirteen times greater than the Defendants', therefore, its burden is necessarily disproportional. The argument is unpersuasive because this is not the proper measure of proportionality in a discovery context. The requirement is that discovery be proportional to the needs of the case. Holley cites no authority supporting its argument that a comparison of the burden imposed on the various parties is of case-dispositive relevance. Fed.R.Civ.P. 26(b)(2)(C)(iii) requires the court to weigh the burden of proposed discovery against its likely benefit, not against the burden on other parties:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> ...
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the

discovery in resolving the issues.

In its response to the Plaintiff's fourth amended complaint, Quick Fuel presents several affirmative defenses, including that the alleged trade dress is functional, non-distinctive, and has not acquired a secondary meaning (Docket Entry No. 263, pp. 15-16). Holley has not provided any evidence that the information sought by Quick Fuel is not proportionally relevant to its asserted defenses. "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Finally, the Plaintiff fails to present an alternative, which this Court might implement, that is both cost-effective for itself and permits a meaningful defense for the Defendants.

The Plaintiff has failed to show that the costs and expenses of the supplemental discovery ordered by Judge Goebel is disproportionately burdensome on it in the legally relevant sense.

## **NEWLY DISCOVERED EVIDENCE**

Holley's argument for reconsideration based upon "mistaken," "surprise," or "newly discovered evidence" as contemplated by Fed.R.Civ.P. 60(b) also is unpersuasive. In its response to Quick Fuel's proposal – which was before Judge Goebel prior to entry of his order on March 26, 2012 – Holley informed Judge Goebel that "Quick Fuel has proposed a protocol wherein Holley would have to collect and process another data set in excess of 1,000,000 electronic documents" (Docket Entry No. 245, pp. 1-2). In the pending motion to reconsider, Holley now informs the Court that Judge Goebel's order results in a data set of approximately 1,600,000 documents (Docket Entry No. 257, p. 3).

Given the information that was before Judge Goebel when he entered his order, we do not believe that Judge Goebel would be surprised to learn that his order effectively put a burden of

9

1,600,000 documents on Holley. Nor is it apparent that the numbers Holley quotes in its motion to reconsider are so out of line with Judge Goebel's basic assumptions at the time he entered his order as to constitute "newly discovered evidence" warranting setting aside that order.

## Motion for Extension of Time to Complete Discovery

In his order dated March 26, 2012, Judge Goebel ordered that "[t]he parties shall make their respective supplemental production not later than June 29, 2012" (Docket Entry No. 250, p. 7). On May 3, 2012, Chief Judge McKinley extended the time for filing objections to Judge Goebel's order until 14 days after Judge Goebel has ruled on the motion to reconsider (Docket Entry No. 270). The Defendants have filed a motion for extension of time to complete discovery, to which the Plaintiff has responded, and the Defendants have replied (Docket Entry No. 277, 279, 282).

The parties agree that the Court should extend the discovery deadlines included in Judge Goebel's March 26, 2012 discovery order until after the Judge McKinley has addressed parties' objections to that order. The parties further agree that the pending motions to dismiss need not be resolved prior to complying with the discovery order. Both parties request a status conference to address this issue.

The defendants' motion for an extension of time to comply with Judge Goebel's discovery order will be granted, but a status conference is premature in light of this order denying the motion to reconsider and the anticipated objections to be filed with Chief Judge McKinley.

## Order

For the foregoing reasons, IT IS ORDERED:

1. Plaintiff's motion for reconsideration of Magistrate Judge Goebel's discovery order dated March 26, 2012 (Docket Entry No. 257) is DENIED;

      2. Defendants' motion for extension of time to complete discovery (Docket Entry No. 277) is GRANTED and the discovery deadlines contained in Judge Goebel's order of March 26, 2012 are suspended pending further orders of this Court;

      3. To the extent that the Plaintiff's request for a status conference contained in its response to the Defendants' motion for extension of time (Docket Entry No. 277) is construed as a motion for a hearing, it is DENIED without prejudice.  The parties are directed to contact the undersigned's office to schedule a status and scheduling conference following Judge McKinley's resolution of the anticipated objections to the March 26, 2012 discovery order.  The parties are further directed to contact the undersigned's office to request a status conference prior to filing any further non-dispositive motions.

c:      Counsel